*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KAREEM JANOUDI,

　　　　　　Plaintiff-Appellee,

v

ASMAA ABDEL-AZIM,

　　　　　　Defendant-Appellant.

UNPUBLISHED
July 20, 2026
2:44 PM

No. 377876
Ingham Circuit Court
LC No. 21-000696-DM

Before: M. J. KELLY, P.J., and PATEL and KOROBKIN, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's denial of her motion to modify custody of the parties' minor child. We affirm.

## I. BACKGROUND

Plaintiff was granted sole legal and physical custody of the parties' minor child in divorce proceedings. Subsequently, defendant filed multiple emergency motions alleging that plaintiff had neglected the child and had allowed the child to be abused. Children's Protective Services (CPS) investigated defendant's allegations and found that defendant's allegations could not be corroborated or substantiated. The trial court denied defendant's emergency motions after finding that defendant attempted to manipulate the court and the minor child. The trial court, instead, ordered the parties to participate in co-parenting counseling.

After participating in counseling for nearly a year, plaintiff moved to substitute the counselor because he believed the counselor was unable to remain impartial. Shortly after, the counselor sent a letter to the trial court indicating that she believed that plaintiff was not credible because he allegedly made multiple inconsistent statements regarding the abuse and neglect allegations. Defendant opposed plaintiff's request to change counselors and moved for sole legal and physical custody of the child, arguing that the counselor's letter was sufficient evidence to revisit the custody arrangement. The trial court discussed the counselor's letter at a hearing on the parties' motions. Although the court originally scheduled an evidentiary hearing on the letter, it later cancelled the hearing and issued an order noting that the parties' disagreement regarding the counselor was not sufficient to revisit the custody arrangement. This appeal followed.

-1-

## II. CUSTODY MODIFICATION

Defendant argues that she established a proper cause or change of circumstances to modify custody, and that the trial court erred by dismissing her motion without holding an evidentiary hearing. We disagree.

In a child-custody dispute, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28; see also *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). As this Court has explained:

> We apply three standards of review in custody cases. The great weight of the evidence standard applies to all findings of fact. A trial court's findings regarding the existence of an established custodial environment and regarding each custody factor should be affirmed unless the evidence clearly preponderates in the opposite direction. An abuse of discretion standard applies to the trial court's discretionary rulings such as custody decisions. Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law.
>
> * * *
>
> In child custody cases, [a]n abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias. [*Stoudemire v Thomas*, 344 Mich App 34, 42-43; 999 NW2d 43 (2022) (cleaned up).]

A party seeking to modify a custody order must establish by a preponderance of the evidence that there is proper cause or a change of circumstances to warrant revisiting the custody arrangement. *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003). This threshold must be met "*before* the trial court can consider whether an established custodial environment exists . . . and conduct a review of the best interest factors." *Id*. at 509. A proper cause to modify a child's custody exists if there are "one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." *Id*. at 511. "[T]o establish a 'change of circumstances,' a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a significant effect on the child's well-being, have materially changed." *Id*. at 513. To warrant revisiting the custody arrangement, "the change of circumstances must have occurred *after* entry of the last custody order." *Id*. at 514.

Here, defendant failed to establish proper cause or change of circumstances to revisit the custody arrangement. The trial court considered defendant's allegations when it entered the last custody order and, using its "special opportunity . . . to judge the credibility of the witnesses who appeared before it," MCR 2.613(C), found that defendant was not credible. The trial court correctly concluded that the counselor's letter, which expressed her opinion that defendant was more credible than plaintiff, was not proper cause to revisit custody. Given that CPS investigated but could not corroborate these allegations, we cannot conclude that this finding was against the

great weight of the evidence. See *Stoudemire*, 344 Mich App at 42. The counselor's letter was also insufficient to establish a change of circumstances because it simply discussed the counselor's contradictory opinion on an issue the trial court already decided *before* it entered the last custody order. See *Vodvarka*, 259 Mich App at 513-514. Furthermore, the trial court did not err by denying defendant's motion without holding an evidentiary hearing because defendant failed to establish proper cause or a change in circumstances to revisit custody. *Killingbeck v Killingbeck*, 269 Mich App 132, 145; 711 NW2d 759 (2005).

Affirmed.

/s/ Michael J. Kelly
/s/ Sima G. Patel
/s/ Daniel S. Korobkin